## Worrell's Estate.

*George J. Edwards, Jr.*, for exceptions.

*Mercer B. Tate, Jr.*, and *Ulric J. Mengert*, contra.

VAN DUSEN, J., Dec. 7, 1928.—The will contained a general clause substituting the next of kin of legatees who died before the testatrix. By the first codicil, testatrix disposed of certain furniture and boxes. By the second codicil, she noted the death of a money legatee and substituted for her persons, who were not her next of kin. By the third codicil, she gave money to a religious society and said: "This is codicil to be added to my last Will in place of the one that is there now—that I request to be destroyed."

This codicil had only one witness and the bequest to the religious society was, therefore, void. The next of kin of the legatee claimed that the codicil operated, nevertheless, as a revocation of the second codicil, and that he was entitled to be substituted for the legatee under the original provisions of the will. The Auditing Judge regarded the revocation as conditional, and, therefore, ordered distribution under the provisions of the second codicil.

We will assume that this language of the third codicil refers to the second codicil, because the latter deals with money and the first codicil deals only with furniture—a matter on which there may be doubt. We will also assume that it is sufficient to revoke the codicil referred to—the argument being that it is a "repeal . . . by some other will or codicil in writing" (to use the language of section 20 *(a)* of the Wills Act of June 7, 1917, P. L. 403). The third codicil manifests an intention to displace the prior codicil and thus make it ineffective, even without the direction to destroy it. Of course, if it was no more than an attempted "repeal" by destruction, it would not be effective, because the destruction was never carried out. And it is well established that the revocation of a revoking codicil will revive the part of the will which the latter revoked. The question remains whether the revoking clause in the third codicil is conditional on the validity of the dispositive parts of that instrument.

Testatrix does not expressly make such a condition. She says that she displaces one gift by another, but does not say that she displaces the first only for the second, an intention which the testator, in substance, declared in McDermott's Estate, 1 D. & C. 789, and the contrary of which he declared in Melville's Estate, 245 Pa. 318, and Lutheran Congregation of Union Church's, Appeal, 113 Pa. 32.

Not being able to determine with certainty the intention of the testatrix, we must rely upon rules, and the rule is thus stated in 1 Jarman on Wills, 344 (6th ed., 169): "If, on the other hand, the new devise be ineffectual, on account of the attestation being insufficient for a devising, though sufficient for a revoking, will, the revoking clause becomes inoperative on the principle before noticed that the revocation is conditional and dependent on the efficacy of the admitted new disposition, and that failing, the revocation also fails; the purpose to revoke being considered to be, not a distinct independent intention, but subservient to the purpose of making the new disposition of the property; the testator meaning to do the one so far only as he succeeds in effecting the same. But it seems that, if the second devise fails, not from the infirmity of the instrument, but from the incapacity of the devisee, the prior devise is revoked."

This is quoted with approval in Melville's Estate, *supra*, the last sentence being given as authority for the second ground of decision in that case. There, Stewart, J., also said: "They [the authorities] all recognize a clear distinction between failure of the dispositive part of the revoking instrument because of a defect in the instrument and failure because of extrinsic circumstances; and there is entire concurrence of view that in the former case the revocation is inoperative, while in the latter it must prevail." The same, in substance, is said in Price *v.* Maxwell, 28 Pa. 23.

Neither of these cases, nor any other in our own State to which we have been referred, involved instruments defectively executed, and the approval of the first branch of the rule may be characterized as *dictum.* It is authoritative, however, and seems to us to carry out what probably was the intention of the testatrix. We willingly follow its guidance, and it controls this case.

The exceptions are dismissed and the adjudication is confirmed absolutely.